**In re SAXON INDUSTRIES, INC., Debtor.**

**Bankruptcy No. 82 B 10697 (ER).**

United States Bankruptcy Court, S.D. New York.

June 13, 1984.

---

**946**

Reavis & McGrath, New York City, for Official Debentureholders' Committee.

Burns, Summit, Rovins & Feldesman, New York City, for debtor.

White & Case, New York City, for Bankers Trust Co., Indenture Trustee.

Shearman & Sterling, New York City, for Citibank, N.A.

Shea & Gould, New York City, for creditors' committee.

Milbank, Tweed, Hadley & McCloy, New York City, for equity committee.

United States Trustee, Harry Jones, Asst. U.S. Trustee, New York City, of counsel.

Zalkin, Rodin & Goodman, New York City, for unofficial committee of bank creditors.

Bader & Bader, White Plains, N.Y., for debenture holders.

## DECISION AND ORDER ON MOTION TO RECONSTITUTE DEBENTURE-HOLDERS' COMMITTEE

EDWARD J. RYAN, Bankruptcy Judge.

On April 15, 1982, Saxon Industries, Inc. (Saxon) filed a voluntary petition for reorganization under Chapter 11 of the Bankruptcy Code. Saxon was continued in possession of its property and in the operation of its business pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

On or about April 30, 1965, Standard Packaging Corporation (Standard) issued (i) $5\frac{1}{4}\%$ convertible subordinated debentures due in 1990, of which there is approximately $20,000,000 outstanding, and (ii) 6% subordinated debentures due in 1990, of which there is approximately $11 million outstanding (Standard debentures). Bankers Trust Company is indenture trustee for these two issues.

On or about October 22, 1970 all of the issued and outstanding stock of Standard was acquired by Saxon.

In November 1972 Saxon issued $5\frac{3}{4}\%$ convertible subordinated debentures due in 1987, of which there is about $11 million outstanding (Saxon debentures). Citibank, N.A. is the indenture trustee for this issue.

On or about December 31, 1978, Standard was merged into Saxon. Saxon assumed the obligations evidenced by the Standard debentures.

In the course of Saxon's Chapter 11 case an unsecured creditors committee and a committee of equity security holders were appointed. An unofficial committee of bank creditors is also functioning.

On August 10, 1983, this court entered an order directing the appointment of a debentureholders' committee. This committee, as appointed by the United States Trustee, includes members who hold each of the three issues of debentures.

By notice of motion dated February 22, 1983, the debentureholders' committee seeks an order reconstituting itself to enable such committee, as reconstituted, to file a complaint on behalf of Standard debentureholders.

The reconstituted committee will presumably consist of only Standard debentureholders. It is urged that reconstitution is needed "to permit protection of the special interests" of the Standard debentureholders.

The proposed complaint seeks to challenge and avoid the effect of the 1978 merger. Among other things, it is alleged that the merger was a fraudulent conveyance and accordingly the Standard debentureholders are entitled to priority of distribution of Standard's presently identifiable assets (in effect, an equitable lien on these assets and a constructive trust on the income generated from said assets).

The reconstituted committee will presumably consist of only Standard debentureholders. It is urged that reconstitution is needed "to permit protection of the special interests" of the Standard debentureholders.

The court may reconstitute a committee appointed by the United States Trustee. *See, In re Proof of the Pudding, Inc.,* 3 B.R. 645, 1 C.B.C.2d 1043 (Bkrtcy.S.D.N.Y. 1980); *Collier on Bankruptcy* 1102.01[3] (15th ed. 1982). However, for the reasons stated below, reconstitution of the debentureholders' committee in this case is not appropriate.

Reconstitution based on the allegations of the proposed complaint would result in the proliferation of committees in this case. If the court were to grant the application herein the Saxon debentureholders would be disenfranchised. Presumably, there will be an application for the appointment of a committee to protect these interests, closely followed by applications to retain attorneys and accountants.

The proposed reconstituted committee may be faced with conflicting constituency similar to the committee as presently constituted which may require "re-reconstitution." The "speculator" debentureholders who purchased their bonds after the commencement of Saxon's reorganization proceedings may not be entitled to the equitable relief sought in the proposed action. *See, W.T. Grant Co.,* 4 B.R. 53, 78 (Bkrtcy. S.D.N.Y.1980).

It is argued that the Standard debentureholders must be provided with the ability to investigate and marshal proof to pursue their potential claim. However, reconstitution of the debentureholders' committee is not the vehicle for this. There is no impediment to the Standard debentureholders' bringing the proposed action. In fact, the indenture trustee for the Standard issues has filed a complaint to pursue the issues raised therein.

This court ordered the appointment of a debentureholders' committee to pursue and protect the interests of *all* debentureholders in the context of Saxon's reorganization proceedings. Pursuant to 11 U.S.C. 1102(c) the primary function of committees in Chapter 11 cases is participation in the formulation of a plan of reorganization. There is no contention that the debentureholders' committee has been unable to so participate.

Accordingly, the motion of the official debentureholders' committee to reconstitute itself is denied.

It is so ordered.